896 F.Supp. 71 (1995)
Luis TORRES, Plaintiff,
v.
NATIONAL STARCH AND CHEMICAL CORPORATION, et al., Defendants.
Civ. No. 94-1301(PG).
United States District Court, D. Puerto Rico.
August 22, 1995.
*72 Peter John Porrata, Hato Rey, PR, for Luis A. Torres.
Nereida Melendez-Rivera, McConnell Valdes, San Juan, PR, for National Starch and Chemical Corp.
Rebeca F. Rojas-Colon, Lasa, Escalera & Reichard, San Juan, PR, for Mallinckrodt, Inc.
Manuel A. Guzman-Rodriguez, McConnell Valdes, San Juan, PR, for Fisher Scientific Company/Chemical Mfg. Division.
Jaime Brugueras-Cernuda, Munoz Boneta Gonzalez Arbona Benitez & Peral, Hato Rey, PR, for Baxter Healthcare Corp.
Ricardo L. Rodriguez-Padilla, Ricardo Rodriguez Law Firm, San Juan, PR, Elisa M. Figueroa-Baez, Mendez-Mendez & Quijano-Borges, Hato Rey, PR, for JT Baker Chemical Co.

OPINION AND ORDER
PEREZ-GIMENEZ, District Judge.
Co-Defendant JT Baker Chemical Company ("JT Baker") has moved under Rule 56 of the Federal Rules of Civil Procedure for an order dismissing this case by summary judgment. Plaintiff did not submit a response. For the reasons set forth below, JT Baker's Motion for Summary Judgment is GRANTED.

Facts
From 1984 through 1986 Plaintiff Luis Torres worked as an Inspector of Quality Control for McNeil Pharmaceutical ("McNeil") in Dorado, Puerto Rico. Plaintiff alleges that during his course of employment at McNeil's plant he handled chemicals manufactured by the Defendants which caused him serious injuries. JT Baker manufactures chloroform, one of the chemicals which allegedly harmed the Plaintiff. The Plaintiff brings suit under diversity jurisdiction, 28 U.S.C. § 1332, for damages arising out of the Defendants' negligence in failing to warn the Plaintiff of the hazards of continuous exposure to the chemicals.

Motion for Summary Judgment
Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Where the defendant has invoked Rule 56 and asserted a lack of supporting evidence, the plaintiff must establish the existence of a triable issue which is both genuine and material to his claim." Pagano v. Frank, 983 F.2d 343, 347 (1st Cir.1993) (citing Anderson *73 v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986)). "In this context, `genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party [and] `material' means that the fact is one that might affect the outcome of the suit under the governing law." United States v. One Parcel of Real Property, Etc. (Great Harbor Neck, New Shoreham, R.I.), 960 F.2d 200, 204 (1st Cir. 1992).
"All material facts set forth in the statement required to be served by the moving party shall be deemed to be admitted unless controverted by the statement required to be served by the opposing party." D.P.R.R 311.12. Plaintiff has failed to file an opposition to the Defendant's Motion for Summary Judgment; thus, the facts as stated in the Defendant's motion will be viewed as if admitted by the Plaintiff to determine whether the Defendant is entitled to a judgment as a matter of law.

Discussion
JT Baker asserts as a defense the sophisticated buyer doctrine, which provides that "the product manufacturer owes no duty to the employee of a purchaser if the manufacturer provides an adequate warning of any inherent dangers to the purchaser or if the purchaser has knowledge of those dangers and the duty to warn its employees thereof." Washington v. Department of Transp., 8 F.3d 296, 300 (5th Cir.1993). In support of its Motion For Summary Judgment, JT Baker submitted an affidavit from its Manager of Regulatory Services stating that JT Baker supplied McNeil with information explaining the appropriate use and inherent hazards of chloroform. The affidavit further stated that JT Baker affixed its chloroform bottles with precautionary labels which included the following:
POISON DANGER!
HARMFUL IF INHALED OR SWALLOWED CAUSES IRRITATION Avoid breathing vapor. Avoid contact with eyes, skin, clothing. Keep in tightly closed container. Use with adequate ventilation. Wash thoroughly after handling ... Note: Reported as causing cancer in laboratory animals. Exercise due care.
A skull and bones graphic also appeared on the precautionary labels.
A federal court sitting in diversity jurisdiction is bound by the current interpretation of the law of the state's highest tribunal. Daigle v. Maine Medical Center, Inc., 14 F.3d 684, 689 (1st Cir.1994). Since the Supreme Court of Puerto Rico has never addressed the sophisticated buyer doctrine, this Court must attempt to ascertain how the Supreme Court of Puerto Rico would decide the issue in this case. See Michelin Tires, Etc. v. First Nat. Bank of Boston, 666 F.2d 673, 682 (1st Cir.1981).
Although Puerto Rico is a civil law jurisdiction, the Commonwealth has adopted North American common law principles governing products liability. Rivera v. Superior Packaging, 92 J.T.S. 165 (1992) at 10169 n. 4. Accordingly, consistent with the First Circuit's practice in cases where the Puerto Rico Court follows common law principles, the Court looks to the Restatement (Second) of Torts for guidance. Rodriguez v. U.S., 54 F.3d 41, 45 (1st Cir.1995).[1] Section 38 of the Restatement states:

*74 One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
(a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
(b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.
Restatement (Second) of Torts, § 388 (1965). Comment n "advises that the manufacturer's duty to warn may be discharged by providing information of the dangerous propensities of the product to a third person ... upon whom it can reasonably rely to communicate the information to the ultimate users of the product or those who will be exposed to its hazardous effects." Adams v. Union Carbide Corp., 737 F.2d 1453, 1456 (6th Cir.1984), cert. denied, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1984).
To determine if a manufacturer reasonably relied on a third person the Court must balance the following factors:
(1) the dangerous nature of the product,
(2) the burdens imposed by requiring warnings to the ultimate users,
(3) the likelihood that the particular warning will be adequately communicated to those who will foreseeably use the product,
(4) the intensity and form of the warnings given, and
(5) the form in which the product is used.
Adams, 737 F.2d at 1461. This balancing is necessary considering the impossibility of establishing a set of rules to automatically cover all situations. Goodbar v. Whitehead Bros., 591 F.Supp. 552, 557 (W.D.Va.1984). "Modern life would be intolerable unless one were permitted to rely to a certain extent on others doing what they normally do, particularly if it is their duty to do so." Restatement (Second) of Torts § 388 cmt. n (1965).
The focus of a sophisticated buyer defense analysis entails "a fact-specific evaluation of the reasonableness of the supplier's reliance on the third party to provide the warning." Adkins v. GAF Corp., 923 F.2d 1225, 1230 (6th Cir.1991). Thus, the question that this Court faces is whether the sophisticated buyer doctrine immunizes JT Baker from a claim arising out of a user's continuous contact with JT Baker's chloroform. That inquiry will depend in part on whether JT Baker reasonably relied on the user's employer (McNeil) in conveying information about the hazards of chloroform.
Instructive for our analysis is Goodbar v. Whitehead Bros., supra. In Goodbar the employees of a foundry filed suit against sand suppliers who allegedly failed to warn the employees of the hazards of silica-containing sand. The court noted that the foundry knew about the hazards of the silica products and that the sand suppliers had no duty to warn the employees because the foundry was in a better position to relay the warnings and shouldered the burden to provide a safe working environment. Goodbar, 591 F.Supp. at 566. The court further noted that "when the supplier has reason to believe that the purchaser of the product will recognize the dangers associated with the product, no warnings are mandated." Goodbar, 591 F.Supp. at 561.
In Adams v. Union Carbide Corp., supra, an employee of an automobile assembly plant brought a failure to warn claim against the defendant who supplied the plant with a toxic chemical which vapors allegedly caused the plaintiff respiratory problems. The Adams court held that the defendant reasonably relied on the plant to warn its employees because the defendant supplied the plant with information about the appropriate use and hazards of the chemical. The court took into consideration that the plaintiff's employer had a duty to provide a safe work environment. Adams, 737 F.2d at 1457.
*75 In this case JT Baker supplied McNeil with safety information pursuant to the requirements for hazardous products established by the Federal Office of Safety and Health Administration. This information clearly stated the hazards and proper handling procedures of chloroform. From these facts this Court can infer that McNeil knew about the hazards of JT Baker's product. Moreover, JT Baker alerted foreseeable users by labeling the chloroform bottles with explicit warnings regarding the inhalation of chloroform vapors. All these factors, coupled with McNeil's responsibility to provide the Plaintiff with a safe work environment, lead this Court to hold that JT Baker reasonably relied on McNeil to warn its employees about the hazards of continuous exposure to chloroform fumes.

Conclusion
THEREFORE, JT Baker's Motion for Summary Judgment (Dkt. 48) is GRANTED. Judgment shall be entered accordingly.
IT IS SO ORDERED.
NOTES
[1] The First Circuit has for some time incorporated common law principles into its construction of Puerto Rico law when there is no applicable Puerto Rico law on the subject. See Rodriguez, 54 F.3d at 45 (citing cases).

The Supreme Court of Puerto Rico's decision in Superior Packaging to embrace common law principles for products liability, however, is a more recent, and remarkable development. Superior Packaging represents an important move away from the Court's earlier position in Valle v. American Int'l Ins. Co., 108 D.P.R. 692 (1979). In Valle, the Supreme Court of Puerto Rico repudiated common law approaches to civil law questions, going so far as to state that "all [prior] cases which tend to solve civil law problems through common law principles are reversed." Valle, 108 D.P.R. at 694.
The decision in Superior Packaging may represent the Puerto Rico Court's recognition that "the fear of common-law methodology and structure seeping into civil-law jurisdiction is anachronistic in our modern day society...." Rivera v. Flav-O-Rich, 876 F.Supp. 373, 382 (D.P.R. 1995). For a thoughtful analysis of this issue, see Judge Laffitte's decision in Flav-O-Rich, Id. (asserting that there is "no reason to preclude the best and most just decision even if it results in the combined utilization of civil-law and common-law techniques").